UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
CHRISTOPHER BAYLEY,

   Plaintiff,

    -against-

BETHPAGE FEDERAL CREDIT UNION;
NYC MOTORCARS OF FREEPORT
CORPORATION; WARRANTECH
AUTOMOTIVE, INC.; and SAYFUR
RAHMAN,

   Defendants.
-------------------------------X

MEMORANDUM & ORDER
21-CV-5821 (JS)(SIL)

APPEARANCES

For Plaintiff:          Novlette R. Kidd, Esq.
Kidd Law Group PLLC
450 Seventh Avenue, Suite 704
New York, New York  10123


For Defendants:        **Bethpage Federal Credit Union**
Catalina Esther De La Hoz Miranda, Esq.
Michael P. Versichelli, Esq.
Michelle Ann Klein, Esq.
Rivkin Radler LLP
926 RXR Plaza
Uniondale, New York  11556

**NYC Motorcars of Freeport Corporation**
Peter A. Frucchione, Esq.
Thomas G. Darmody, Esq.
Mintzer Sarowitz Zeris Ledva & Meyers, LLP
39 Broadway, Suite 950
New York, New York  10006

**Warrantech Automotive, Inc.**
Anupama Joglekar, Esq.
Melissa Brill, Esq.
Vincent Passarelli, Esq.
Cozen O'Connor

3 WTC, 175 Greenwich Street, 55th Floor
New York, New York  10007

**Sayfur Rahman**
Dean T. Cho, Esq.
Law Offices of Dean T. Cho, Esq.
10217 72nd Avenue
Forest Hills, New York  11375

SEYBERT, District Judge:

On October 19, 2021, Plaintiff Christopher Bayley (hereinafter, "Plaintiff") commenced this consumer credit action against Defendants Bethpage Federal Credit Union (hereinafter, "BFCU"), NYC Motorcars of Freeport Corporation (hereinafter, "NYC Motorcars"), and Warrantech Automotive, Inc. (hereinafter, "Warrantech") (collectively, "Original Defendants") concerning Plaintiff's October 2018 purchase of a used 2016 Subaru WRX STI. (See generally, Compl., ECF No 1.)  Plaintiff filed a First Amended Complaint ("AC") on January 18, 2022 (see generally, AC, ECF No. 5), and a Second Amended Complaint ("SAC") on May 23, 2022 (see generally, SAC, ECF No. 23).  Plaintiff is alleging: (1) violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., N.Y.U.C.C. § 2-314, N.Y. Veh. & Traf. Law § 417, and 15 N.Y. Comp. Codes & Regs. §§ 78.13 and 79.2 against NYC Motorcars and BFCU; (2) common law fraud against NYC Motorcars and BFCU; (3) violations of N.Y. Gen. Bus. Law ("NYGBL") § 349 for deceptive acts and practices against all Original Defendants; (4) violations of NYGBL § 350 for

false advertising against NYC Motorcars and BFCU; (5) unjust enrichment against all Original Defendants; and (6) money had and received against all Original Defendants.  (See generally SAC.) NYC Motorcars crossclaimed for contribution and common law and contractual indemnity against BFCU and Warrantech.  (See generally NYC Motorcars Answer to SAC and Crossclaims, ECF No. 26.)

On November 4, 2022, BFCU moved to dismiss the NYGBL § 349 claim against it pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(6).  (See generally BFCU Support Memo, ECF No. 34.)  On that same date, Warrantech moved pursuant to Rule 12(b)(6) to dismiss the claims against it: (1) for unjust enrichment; (2) for money had and received; and (3) pursuant to NYGBL § 349.  (See generally Warrantech Support Memo, ECF No. 35-1.)  Also on that same date, Warrantech additionally moved pursuant to Rule 12(b)(6) to dismiss NYC Motorcars' crossclaims against it. (See generally Warrantech Crossclaims Support Memo, ECF No. 36-4.)

On June 1, 2023, by stipulation, NYC Motorcars withdrew its crossclaims against Warrantech and BFCU. (See Withdrawal of Crossclaims against Warrantech, ECF No. 55; Withdrawal of Crossclaims against BFCU, ECF No. 56.)

On June 28, 2023, Magistrate Judge Steven I. Locke (hereinafter, "Judge Locke") issued a Report and Recommendation (hereinafter, "Report" or "R&R") recommending the Court: (1)

dismiss Plaintiff's NYGBL § 349 claim against BFCU; (2) dismiss Plaintiff's NYGBL § 349 claim against Warrantech; (3) not dismiss Plaintiff's unjust enrichment claim against Warrantech; (4) not dismiss Plaintiff's money had and received claim against Warrantech; and (5) deny as moot Warrantech's motion to dismiss NYC Motorcars' withdrawn crossclaims. (R&R, ECF No. 57, at 3.)

On July 12, 2023, both Warrantech and Plaintiff filed objections to Judge Locke's R&R. (Warrantech's Objs., ECF No. 58; Pl.'s Objs., ECF No. 59.) BFCU responded to Plaintiff's objections on July 26, 2023. (BFCU's Reply to Objs., ECF No. 60.) Plaintiff responded to Warrantech's objections on the same date. (Pl.'s Reply to Objs., ECF No. 61.) Plaintiff filed a reply in further support of its objections on August 3, 2023. (Pl.'s Reply in Support of Objs., ECF No. 62.)

Plaintiff filed a Third Amended Complaint ("TAC") on June 15, 2024. (See generally TAC, ECF No. 93.) BFCU and Warrantech filed letter motions for pre-motion conferences for their anticipated motions to dismiss Plaintiff's TAC, on June 27, 2024 and June 28, 2024, respectively. (See ECF Nos. 99 & 101.) At the October 3, 2024 pre-motion conference, BFCU, Warrantech, and Plaintiff stated their agreement that BFCU's and Warrantech's motions to dismiss the SAC could be applied to the TAC and not otherwise be mooted, since the TAC, and claims therein, are substantially similar to SAC. (See Minute Entry, ECF No. 112.)

4

Thus, the Court reviews Judge Locke's R&R, together with the objections filed thereto, as applicable to the TAC (hereinafter, the "Complaint").

For the reasons stated herein, Warrantech's and Plaintiff's objections are OVERRULED, and the R&R is ADOPTED; therefore: BFCU's Dismissal Motion is GRANTED with prejudice as to the NYGBL § 349 claim; Warrantech's Dismissal Motion is GRANTED in part, dismissing with prejudice as to the NYGBL § 349 claim, and DENIED in part as to the remaining claims; and, Warrantech's Motion to Dismiss NYC Motorcars' Crossclaims (ECF No. 36) is DENIED as moot.

<u>BACKGROUND</u>

I.    <u>Factual and Procedural Background</u>

The Court presumes the parties' familiarity with, adopts, and incorporates herein, the factual and procedural background as set forth in the R&R. [1] (R&R at 3-13.) <u>See generally Sali v. Zwanger & Pesiri Radiology Grp., LLP</u>, No. 19-CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022) (where no party challenges magistrate judge's recitation of the factual and

---

[1] The Court acknowledges Plaintiff's position that the R&R omits certain facts relevant to his argument. (<u>See</u> Pl.'s Objs. at 3-4.)  For the avoidance of doubt, the Court discusses this argument <u>infra</u> when analyzing Plaintiff's objections. (<u>See</u> <u>infra</u> Section II.C.iii.)

procedural background of the case, upon clear error review, adopting and incorporating same into court's order).

II.  <u>Judge Locke's R&R</u>

Judge Locke's Report is summarized as follows:

A. <u>Plaintiff's NYGBL § 349 Claim Against BFCU</u>

Judge Locke determined Plaintiff failed to allege consumer-oriented conduct and recommended dismissing this claim. (R&R at 15-17.)  This is because, while Plaintiff claims BFCU furnished a standard pre-printed loan agreement to NYC Motorcars with the consumers' claims and defenses notice box unchecked, Plaintiff makes only conclusory allegations of any impact on consumers at large.  (<u>Id.</u> at 17.)  Additionally, the underlying loan agreement contains the negotiated terms of the transaction, with no allegation of how other loan agreements were handled. (<u>Id.</u>)  Thus, Judge Locke determined what occurred in this case was a private dispute outside of the NYGBL.  (<u>Id.</u>)

B. <u>Plaintiff's Claims Against Warrantech</u>

1. <u>NYGBL § 349</u>

Judge Locke determined Plaintiff does not provide sufficient facts to state a NYGBL § 349 claim because Plaintiff does not state how Warrantech's alleged misconduct impacts or could affect the community at large.  (<u>Id.</u> at 18.)  As such, Judge Locke recommended dismissing this claim.  (<u>Id.</u>)

2. <u>Unjust Enrichment</u>

Judge Locke recommended Plaintiff's unjust enrichment claim not be dismissed.    (<u>Id.</u> at 18-21.)    This is because Plaintiff: alleged Warrantech was paid at least $3,000 for services that should have been covered under the additional warranty for which Plaintiff received no benefit, thereby unfairly enriching Warrantech (<u>id.</u> at 20); need not prove his claim at this stage of the litigation, and will eventually be required to trace the allegedly fraudulent funds (<u>id.</u>); and, sufficiently alleged Warrantech knew its position would be that the additional warranty was void when it sent a claims adjuster to look at the Vehicle, but still accepted the funds (<u>id.</u>).

3. <u>Money Had and Received</u>

Judge Locke recommended denying Warrantech's motion to dismiss this claim.    (<u>Id.</u> at 21-23.)    Similar to Plaintiff's unjust enrichment claim, Judge Locke found Plaintiff alleged Warrantech received his funds to its benefit, even if it was fraudulently obtained through NYC Motorcars.    (<u>Id.</u> at 22.)    Assuming the facts pled to be true, Plaintiff sufficiently alleged Warrantech knew its position would be that the warranty was void, but still accepted the funds.    (<u>Id.</u> at 22-23.)

III. <u>Warrantech's Objections to the R&R</u>

Warrantech asserts two primary objections to Judge Locke's R&R.    First, Warrantech contends the R&R should have

recommended the dismissal of Plaintiff's unjust enrichment claim because: the elements are pled in a speculative and conclusory manner; and, even if the allegation is not speculative or conclusory, Plaintiff did not pay any amount of money to Warrantech, so Warrantech could not have been unjustly enriched. (Warrantech's Objs. at 9-13.)  Second, Warrantech contends the R&R should recommended the dismissal of Plaintiff's money had and received claim because Plaintiff has only made speculative assertions in support of this claim since Plaintiff never asserts that he paid Warrantech directly.  (Id. at 13-15.)

In response, Plaintiff argues that, with regard to the unjust enrichment claim: (1) Warrantech ignored allegations contained in other parts of the Complaint that are incorporated into the unjust enrichment claim, including allegations about Warrantech receiving more than $2,000 of the price paid by the Plaintiff for the warranty; and (2) Judge Locke correctly ruled that a direct receipt of funds from a plaintiff is not necessary for an unjust enrichment claim.  (Pl.'s Reply to Objs. at 3-5.) With regard to the money had and received claim, Plaintiff contends Judge Locke correctly ruled that, for the same reasons Plaintiff sufficiently alleged an unjust enrichment claim, he also has alleged a money had and received claim, as the two claims are "effectively identical."  (Id. at 6.)  Plaintiff also argues Warrantech again limited its understanding of the facts supporting

8

the claim to just a few paragraphs instead of the entire Complaint. (Id.)

The Court finds Warrantech's Objections to be without merit and addresses each, in turn, below.

IV. <u>Plaintiff's Objections to the R&R</u>

Plaintiff raises several objections to Judge Locke's R&R. He first contends his NYGBL § 349 claim against BFCU should not be dismissed[2] because: (1) the R&R misstates Plaintiff's argument raised in his underlying opposition memo at on page 10 (hereinafter, the "Page-10 Argument") (see Opp'n, ECF No. 41, at ECF p.14[3]) and, thus, erroneously concludes Plaintiff's claim is merely a private dispute falling outside of the scope of the statute; (2) Judge Locke's R&R does not address argument made on page 11 of Plaintiff's underlying opposition memo (hereinafter, the Page-11 Argument") (see id. at ECP p.15) and, thus, erroneously concludes both (i) Plaintiff's claim is not consumer-oriented conduct, and (ii) Plaintiff makes no allegation as to how other loan agreements were handled; and, (3) Judge Locke did not reference certain factual allegations contained in the Complaint

---

[2]  Notably, Plaintiff does not object to the portion of Judge Locke's R&R that dismisses Plaintiff's NYGBL § 349 claim as to Warrantech.

[3]  To avoid confusion: Hereinafter, when citing to Plaintiff's underlying opposition memo, the Court uses the pagination automatically generated by its ECF system.

regarding alleged consumer-oriented conduct (see SAC ¶¶ 448-450). (Pl.'s Objs. at 2-4.)   Further, Plaintiff argues, if Judge Locke did not overlook these arguments and allegations, he would have concluded Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 623 N.Y.S.2d 529 (1995), applies and forecloses dismissal of this claim.   (Id. at 4-5.)

In response, BFCU argues: (1) Judge Locke did not overlook or mistake relevant legal arguments Plaintiff raised in his underlying opposition memo at page 10 (see Opp'n at 14), since he concluded, because Plaintiff refers to each consumer's "loan particular's," this made it a "private dispute that falls outside of NYGBL § 349" (see R&R at 17); (2) Judge Locke explicitly rejected Plaintiff's argument raised in his underlying opposition memo at page 11 (see Opp'n at 15) because the allegations were conclusory (see R&R at 17); and (3) Judge Locke did not overlook paragraphs 448 and 450 of the Complaint (see SAC ¶¶ 448-50), because BFCU addressed those paragraphs in its memorandum in support of its motion to dismiss (BFCU Support Memo at 10), which the R&R explicitly referenced (see R&R at 1, 17), and Judge Locke also did not overlook paragraph 449, as it is nearly identical to paragraph 450.[4]   (BFCU's Reply to Objs. at 7-11.)

_____

[4]  BFCU also argues that dismissal of Plaintiff's NYGBL § 349 claim is appropriate even under de novo review, because Plaintiff: (1) makes only conclusory allegations that BFCU's alleged deceptive conduct was not limited to just Plaintiff; (2) has not alleged any

Plaintiff filed a reply in further support of his objections, arguing: (1) he does not contend Judge Locke overlooked Plaintiff's entire memorandum of law; (2) BFCU's argument as to page 10 of Plaintiff's opposition memo (see Opp'n at ECF 14) undertakes an "intricate linguistic maneuver" to persuade the Court; (3) Judge Locke's having overlooked page 11 of Plaintiff's opposition memo (see id. at 15), is the reason he found Plaintiff made no allegation as to how other loan agreements were handled; and (4) BFCU shows only that it addressed paragraphs 448 through 450, not that Judge Locke considered the factual allegations in those paragraphs.[5]  (Pl.'s Reply in Support of Objs. at 2-4.)

The Court finds Plaintiff's Objections to be without merit and addresses each, in turn, below.

---

deceptive act or practice by BFCU, and even if BFCU did not check the box, the conduct of which Plaintiff complains is fully disclosed in the agreement and, therefore, cannot constitute a deceptive act or practice; and, (3) has not alleged an injury directly resulting from any deceptive act or practice.  (BFCU's Reply to Objs. at 11-14.)

[5] Plaintiff also argues that under a de novo review, the Court should still deny BFCU's motion to dismiss, because: (1) the Oswego Laborers' Local 214 Pension Fund case should govern here because it is similar to the case at hand (see generally 623 N.Y.S.2d 529); (2) he alleged deceptive conduct by showing how BFCU's practice of providing its form loan agreement to the dealership, let alone providing the form agreement with the notice box unchecked, was done by BFCU to evade the consumer protection regimen of the New York Motor Vehicle Retail Installment Sales Act; and (3) Plaintiff's injury suffered by the alleged deceptive conduct is that he repaid BFCU's loan while also having to use his retirement funds to repair the vehicle, but that if the notice box had been checked, he would have known he could have lawfully withheld loan payments.  (Pl.'s Reply in Support of Objs. at 5-9.)

DISCUSSION

I.   Legal Standards

     A. Report and Recommendation

          A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3); see also U.S. Small Bus. Admin. v. Ameritrans Holdings, LLC, No. 20-CV-1166, 2024 WL 704621, at *2 (E.D.N.Y. Feb. 21, 2024) (applying clear error review where "[d]efendants' regurgitation of their original arguments [was] readily apparent when comparing their [underlying motion] to their [o]bjections"). Moreover, the Court need not review the findings and conclusions to which no proper objection has been made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

     B. Motion to Dismiss

          A claim is properly dismissed pursuant to Rule 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In determining whether to

12

grant a Rule 12(b)(6) motion, courts must "accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor." <u>Glob. Network Commc'ns, Inc. v. City of N.Y.</u>, 458 F.3d 150, 154 (2d Cir. 2006).  To survive a motion to dismiss, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Basile v. Levittown United Teachers</u>, 17 F. Supp. 3d 195, 200 (E.D.N.Y. 2014) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Twombly</u>, 550 U.S. at 555 (internal citations omitted).

II. <u>Analysis</u>[6]

    A. <u>The Objections Warrant Clear Error Review</u>

        Turning to the objections, the Court finds them to be "mere reiterations of the arguments in [the] original papers that

---

[6] Because there have been no objections filed by any parties as to Judge Locke's recommendations that (1) Plaintiff's NYGBL § 349 claim against Warrantech be dismissed, <u>see</u> <u>supra</u> note 2, or (2) Warrantech's motion to dismiss NYC Motorcars' crossclaims be denied as moot, and because the Court finds no clear error as to those recommendations, the Court adopts said recommendations in their entirety.  (<u>See</u> R&R at 17-18, 23.)

were fully considered, and rejected, by" Judge Locke. <u>Out of the</u> <u>Blue Wholesale, LLC v. Pac. Am. Fish Co., Inc.</u>, No. 19-CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020) (quoting <u>Rizzi v.</u> <u>Hilton Domestic Operating Co., Inc.</u>, No. 19-CV-1127, 2020 WL 6243713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases)). Indeed, Warrantech's regurgitation of its original arguments is apparent when comparing its underlying support memo to its objections. (<u>Compare</u> Warrantech Support Memo at 12 (arguing the Complaint is "nothing more than threadbare, conclusory allegations" and Warrantech did not "receive any consideration or monetary benefit from Plaintiff"), and at 15 (arguing the allegations do not support finding Warrantech received Plaintiff's money and do not show how Warrantech may have retained or benefited from Plaintiff's money), <u>with</u> Warrantech's Objs. 9-15 (same)). The same can be said for Plaintiff's arguments, when comparing his underlying support memo to his objections. (<u>Compare</u> Opp'n at 14 (arguing the consumer-oriented conduct which Plaintiff plausibly alleged is BFCU furnishing its standard form pre-printed loan agreement to NYC Motorcars with the box unchecked), at 15 (arguing Plaintiff was similar to every other customer who visited NYC Motorcars, purchased a vehicle, and needed financing, thus making BFCU's conduct consumer-oriented), and at 10 (arguing BFCU attempted to evade the applicability of the N.Y.S. Holder Rule, which was consumer-oriented conduct), <u>with</u> Plaintiff's Objs. 2-5

14

(same)).  Thus, the Court reviews Judge Locke's Report for clear error.

B. Warrantech's Objections

    i. Objection 1: Plaintiff's Unjust Enrichment Claim Should be Dismissed

As its first objection, Warrantech asserts the Magistrate Judge erred by recommending the Court not dismiss Plaintiff's unjust enrichment claim.

First, Warrantech argues Judge Locke's recommendation is incorrect because "courts have dismissed complaints when the [] elements [for this claim] are pled in a speculative, conclusory, and threadbare manner." (Warrantech's Objs. at 9.)  The elements that a plaintiff must prove for unjust enrichment are: "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." Eminah Props. LLC v. Energizer Holdings, Inc., 531 F. Supp. 3d 593, 603–04 (E.D.N.Y. 2021) (quoting Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 586 (2d Cir. 2006)).

Accepting the allegations as true, and drawing all inferences in Plaintiff's favor, Plaintiff has sufficiently pled the elements to allege more than just a conclusory claim for unjust enrichment to survive the motion to dismiss stage.  As Judge Locke astutely observed, Plaintiff contended Warrantech benefited at

Plaintiff's expense because "Plaintiff alleges that Warrantech was paid at least $3,000 for services that should have been covered under the additional warranty for which Bayley received no benefit[,]" and equity and good conscience require restitution because that "unfairly enrich[ed] Warrantech."  (R&R at 20 (citing SAC ¶¶ 194-96, 397-402, 408-13.))  This is sufficient to state a claim upon which relief can be granted.  See, e.g., Eminah Props. LLC, 531 F. Supp. 3d at 604 (finding plaintiffs adequately alleged unjust enrichment where "[t]he plaintiffs allege that they paid, and [defendant] accepted and retained, $230,000--a higher price than the plaintiffs considered fair for the batteries alone . . .); Sprint Sols., Inc. v. Sam, 206 F. Supp. 3d 755, 764 (E.D.N.Y. 2016)(concluding plaintiffs sufficiently pled a claim for unjust enrichment where complaint "allege[d] that [d]efendant obtained benefits from [p]laintiffs that caused [p]laintiffs significant harm by fraudulently acquiring [p]laintiffs' phones and using them for resale, unlocking, and shipping" and "[d]efendant retained the benefits and did not pay the [p]laintiffs the value of the benefits acquired").

Second, Warrantech argues Judge Locke's recommendation is incorrect because "Plaintiff did not pay any amount of money to Warrantech, and only paid sums to Defendants NYC Motorcars and Bethpage Federal Credit Union, and therefore, Warrantech could not be enriched at Plaintiff's expense."  (Warrantech's Objs. at 11.)

16

However, "New York law does not require 'some type of direct dealing or actual, substantive relationship with a defendant.'" Moss v. BMO Harris Bank, N.A., 258 F. Supp. 3d 289, 311 (E.D.N.Y. 2017) (quoting Waldman v. New Chapter, Inc., 714 F.Supp.2d 398, 403 (E.D.N.Y. 2010)). In Moss, the court found the plaintiff properly pled unjust enrichment to survive a motion to dismiss because the plaintiff asserted the defendant profited at the expense of funds withdrawn from the plaintiff's own bank account. See Moss, 258 F. Supp at 311-12 ("Notwithstanding the absence of any allegations of direct contact between plaintiff and defendant, or that plaintiff knew of defendant's role in processing her payday loan, such an assertion states a plausible claim for unjust enrichment under New York law."). Similarly, here, accepting the allegations as true, and drawing all inferences in Plaintiff's favor, Plaintiff has sufficiently alleged Warrantech retained the sum which Plaintiff paid for the warranty and Warrantech failed and refused to return it to Plaintiff. (See TAC ¶¶ 506-516.) As Judge Locke explained, "Plaintiff need not prove his claim at this stage of the litigation, and will eventually be required to trace the allegedly fraudulent funds." (R&R at 20 (citing State Farm Mut. Auto. Ins. Co. v. Cohan, No. 12-CV-1956, 2013 WL 4500730, at *5 (E.D.N.Y. Aug. 20, 2013)); see In re Canon Cameras Litig., No. 05-CV-7233, 2006 WL 1751245, at *2 (S.D.N.Y. June 23, 2006) ("[W]hether defendant received any benefit from plaintiffs' camera

purchases is a question of fact not properly resolved on a motion to dismiss.").

Therefore, finding no clear error, this Court adopts Judge Locke's recommendation and denies the motion to dismiss Plaintiff's unjust enrichment claim against Warrantech.

### ii. Objection 2: Plaintiff's Money Had and Received Claim Should be Dismissed

As its second objection, Warrantech asserts the Magistrate Judge erred by recommending the Court not dismiss Plaintiff's money had and received claim. No such error is had.

First, Warrantech argues Judge Locke's recommendation is incorrect because "Plaintiff makes only bare, speculative assertions in support of his 'Money Had and Received' claim." (Warrantech's Objs. at 13.) The elements that a plaintiff must prove for a money had and received claim are: "(1) defendant received money belonging to plaintiff; (2) defendant benefitted from the receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money." Magi XXI, Inc. v. Stato Della Cit%22a Del Vaticano, 22 F. Supp. 3d 195, 206-07 (E.D.N.Y. 2014) (quoting Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n, 731 F.2d 112, 125 (2d Cir.1984)); City of Almaty v. Sater, 503 F. Supp. 3d 51, 61 (S.D.N.Y. 2020).

As to the first element, Warrantech argues Plaintiff's allegations "make no distinction as to which entity retained which portion(s), if any, of the $3,000 amount." (Warrantech's Objs. at 13.) However, all that is required at this stage is a plaintiff make a showing of a "sufficiently close relationship." See Sater, 503 F. Supp. 3d at 60-61 (reasoning "the knowing receipt of stolen funds amounts to a sufficiently close relationship" for the same reasons as with respect to plaintiff's claim for unjust enrichment). In Sater, the court likened the plaintiff's claim for money had and received to the plaintiff's claim for unjust enrichment and found the "knowing receipt of stolen funds in furtherance of a money-laundering scheme, in the circumstances of this case, amounts to a sufficiently close connection." Id. This is because "it remains black letter law that 'a plaintiff need not be in privity with the defendant. . . .'" Id. at 60 (quoting Sperry v. Crompton Corp., 8 N.Y.3d 204, 215 (2007)).

Similarly, here, accepting the allegations as true, and drawing all inferences in Plaintiff's favor, Plaintiff has sufficiently alleged Warrantech retained the sum which Plaintiff paid for the warranty and Warrantech failed and refused to return it to Plaintiff. (See TAC ¶¶ 517-526.) It is of no moment that Plaintiff did not pay Warrantech directly or has not yet made a distinction as to which entity retained what portion of the funds; that is a question of fact to be explored in discovery. See, e.g.,

19

<u>Cohan</u>, 2013 WL 4500730, at *5; <u>In re Canon Cameras Litig.</u>, 2006 WL 1751245, at *2.  It is also inconsequential Plaintiff has not yet made a distinction as to which entity received what funds because there is no breach of contract claim alleged here; moreover, a "plaintiff may properly plead unjust enrichment and money had and received as he has not pled a claim for breach of contract." <u>Kalimantano GmbH v. Motion in Time, Inc.</u>, 939 F. Supp. 2d 392, 416 (S.D.N.Y. 2013).

      Second, Warrantech argues Judge Locke's recommendation is incorrect because "Plaintiff never asserts that it paid Warrantech directly, nor that NYC Motorcars allocated a specific portion of Plaintiff's payment directly to Warrantech;" therefore, Plaintiff has not properly pled the second element.  (Warrantech's Objs. at 14.)  For the same reasons articulated above, this argument is unavailing, because all that is required at this stage is Plaintiff make a showing of a "sufficiently close relationship," which Plaintiff has done.  <u>See</u> <u>Sater</u>, 503 F. Supp. 3d at 60-61.

      Warrantech then baldly asserts that because "Plaintiff has not properly pled the first two elements, it [<u>sic</u>] cannot properly plead the third."  (Warrantech's Objs. at 14.)  This argument is unavailing.  The Court finds Plaintiff has properly pled the first two elements, as well as the third.  As Judge Locke reasoned, "[Plaintiff] has sufficiently alleged that Warrantech knew its position would be that the warranty was void, but still

accepted the funds, satisfying the inquiry of equity and good conscience for this claim." (R&R at 22-23 (citing SAC ¶¶ 180-81, 183-86, 191-95, 420-21); see also TAC ¶¶ 268-69, 273-276, 282-286, 530-31).

Therefore, finding no clear error, this Court adopts Judge Locke's recommendation and denies the motion to dismiss Plaintiff's money had and received claim against Warrantech.

C. Plaintiff's Objections

 i. Objection 1: Plaintiff's NYGBL § 349 claim against BFCU Should Not Be Dismissed Because the Magistrate Judge Misstated Plaintiff's Page-10 Argument

As his first objection, Plaintiff asserts the Magistrate Judge erred by recommending the Court dismiss Plaintiff's NYGBL § 349 claim because it misstates Plaintiff's Page-10 Argument and erroneously concludes Plaintiff's claim is a private dispute outside the statute's scope. To state a NYGBL § 349 Claim, a plaintiff must allege: "(1) the challenged act or practice was consumer-oriented; (2) the act or practice was misleading in a material way; and (3) the plaintiff suffered injury as result of the deceptive act." Colella v. Atkins Nutritionals, Inc., 348 F. Supp. 3d 120, 142 (E.D.N.Y. 2018) (quoting Dash v. Seagate Tech. (U.S.) Holdings, Inc., 27 F. Supp. 3d 357, 360 (E.D.N.Y. 2014)); see Shandong Shinho Food Indus. Co. v. May Flower Int'l, Inc., 521 F. Supp. 3d 222, 263 (E.D.N.Y. 2021).

21

Plaintiff argues the R&R misstates Plaintiff's Page-10 Argument because "there [P]laintiff argues that BFCU furnished the improper form of loan agreement to NYC Motorcars, leaving NYC Motorcars only to fill in 'each consumer's' loan particulars, not Bayley's. . . [the Magistrate Judge] erroneously conclude[s] that [P]laintiff's claim against BFCU is merely 'a private dispute that falls outside of NYGBL § 349." (Plaintiff's Objs. at 2-3.)  The Court disagrees.

The Magistrate Judge did not misstate or misunderstand Plaintiff's Page-10 Argument regarding the "consumer-oriented" first element of NYGBL § 349 (see Opp'n at 14).  Instead, review of the Report confirms the Magistrate Judge considered Plaintiff's argument and rejected it (see R&R at 17.).  See Out of the Blue Wholesale, LLC, 2020 WL 7488072, at *2.  Judge Locke clearly stated: "Plaintiff [] makes only conclusory allegations of any impact on consumers at large." (R&R at 17.)  This Court concurs. It is well-established it is not enough to formulaically recite the elements of a cause of action.  See Twombly, 550 U.S. at 555. Yet, that is what Plaintiff did here.  (See TAC ¶¶ 562-69; see also, e.g., SAC ¶¶ 448-56.)  In fact, "[w]here a plaintiff makes only conclusory allegations of impact on consumers at large, a [NY]GBL § 349 claim must be dismissed." Miller v. HSBC Bank U.S.A., N.A., No. 13-CV-7500, 2015 WL 585589, at *8 (S.D.N.Y. Feb. 11, 2015); see also Yanes v. Ocwen Loan Serv'g, LLC, No. 13-CV-

2343, 2015 WL 631962, at *5 (E.D.N.Y. Feb. 12, 2015) (dismissing NYGBL § 349 claim because, while plaintiff "speculate[d] that other consumers were treated similarly to him, he does not allege any facts to support that assertion"); Kilgore v. Ocwen Loan Servic'g, LLC, 89 F. Supp. 3d 526, 536 (E.D.N.Y. 2015) (finding "the conclusory allegations of generalized consumer injury here are insufficient to support a plausible Section 349 claim"); Mohamed v. Nationstar Mortg., LLC, No. 20-CV-0216, 2024 WL 4132351, at *9 (E.D.N.Y. Sept. 10, 2024) ("Here, [plaintiff] has made only the most conclusory (and speculative) allegations about the 'broader impact' that the defendants' actions would have on other consumers. Such allegations are insufficient."). Thus, although Plaintiff speculates "NYC Motorcars gave to all car buyers at the dealership . . . the same deceptive pre-printed form of loan agreement with the box on the form . . . unchecked" (TAC ¶ 562), and surmises "all consumers similarly situated to [P]laintiff received the same BFCU form of loan agreement from NYC Motorcars which [P]laintiff received" (TAC ¶ 563), in addition to making the conclusory assertion that "BFCU's deceptive acts and practices were consumer-oriented" (TAC ¶ 566), that is not enough for this NYGBL § 349 claim to survive a motion to dismiss. Hence, Plaintiff's objection is overruled.

     ii.  <u>Objection 2: Plaintiff's NYGBL § 349 claim against BFCU Should Not Be Dismissed Because the Magistrate Judge did not Consider Plaintiff's Page-11 Argument</u>

As his second objection, Plaintiff asserts the Magistrate Judge erred by recommending the Court dismiss Plaintiff's NYGBL § 349 claim because it does not take into account Plaintiff's Page-11 Argument and erroneously concludes Plaintiff's claim is not consumer-oriented.

Magistrate Judge Locke did not overlook Plaintiff's argument that "BFCU's misconduct was not limited to Mr. Bayley but was consumer-oriented, in that it was capable of being directed at other members of the public at large." (See Plaintiff's Objs. at 3.) As explained above (see supra Section II.C.i), Judge Locke considered Plaintiff's Page-11 Argument that BFCU's conduct was consumer-oriented, but determined "Plaintiff [] makes only conclusory allegations of any impact on consumers at large." (R&R at 17.)  For the same reasons articulated in Section II.C.i, this Court finds no error with this recommendation and adopts it.

While Plaintiff argues the Magistrate Judge would not have made the statement that Plaintiff made "no allegation concerning how other loan agreements were handled" if the Magistrate Judge properly understood Plaintiff's Page-11 Argument (Pl.'s Obj. at 3-4), he misunderstands the Magistrate Judge's point.  The statement must be viewed in context; Judge Locke makes it after explaining the subject contract is specific to Plaintiff:

"[T]he underlying loan agreement contains the negotiated terms of the transaction – including whether the consumers' claims and defenses notice is applicable, and the relevant box should be checked – with no allegation concerning how other loan agreements were handled." (R&R at 17.) This is important, because a plaintiff "'must demonstrate that the acts or practices have a broader impact on consumers at large. Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute.'" Euchner-USA, Inc. v. Hartford Cas. Ins. Co., 754 F.3d 136, 143 (2d Cir. 2014) (quoting Oswego Laborers' Local 214 Pension Fund, 85 N.Y.2d at 25). Looking at the underlying loan agreement between Plaintiff and BFCU, it is evident said agreement contains negotiated terms between Plaintiff and BFCU. (See ECF No. 23-2; ECF No. 93-2.) Aside from conclusory statements that they were the same as Plaintiffs', absent are any allegations regarding how other consumers' loan agreements were negotiated. Such an absence is fatal to Plaintiff's NYGBL § 349 claim. Thus, the Magistrate Judge's recommendation that BFCU's conduct was not consumer-oriented and, therefore, does not fall within the scope of NYGBL § 349 withstands clear error review; hence, Plaintiff's objection is overruled.

iii.  Objection 3: The Magistrate Judge did not Consider Certain Facts Alleged in the Complaint or Applicable Case Law

As his third objection, Plaintiff argues the Magistrate Judge erred by: (1) failing to reference paragraphs 448 and 450 of the SAC and not giving enough weight to paragraph 449 of the SAC (see also TAC ¶¶ 559-61); and, (2) not concluding that the Oswego Laborers' Local 214 Pension Fund case forecloses dismissing Plaintiff's NYGBL § 349 claim against BFCU.  These arguments fail.

First, Judge Locke did reference paragraph 448 of the SAC in his Report.  (Compare R&R at 17 ("Plaintiff claims that BFCU furnished a standard pre-printed loan agreement to NYC Motorcars with the "consumers' claims and defenses notice" box unchecked, leaving the Dealership to fill in Bayley's loan particulars in the blanks."), with SAC ¶ 448 ("Nevertheless, at all times material to this complaint BFCU, with the connivance of NYC Motorcars, provided its pre-printed form of loan and security agreement to NYC Motorcars with the box on the form designating applicability of the Holder Rule unchecked.")).  Moreover, regarding paragraphs 449 and 450, the facts in those paragraphs were not overlooked by the Magistrate Judge.  As explained above (see supra Sections II.C.i & ii), Judge Locke found Plaintiff made only conclusory allegations of consumer-oriented conduct, the result of which is "Plaintiff's claim is that the appropriate box

is not checked on his own agreement, making this a private dispute that falls outside of NYGBL § 349."  (R&R at 17.)

Second, Judge Locke did not err in failing to follow the New York Court of Appeals' 1995 decision in the Oswego Laborers' Local 214 Pension Fund case.  The facts of that case are not analogous to the facts presented here.  In the state court case, the record indicated the bank "furnish[ed] the [plaintiffs] with standard documents presented to customers upon the opening of accounts [that] were not unique to these two parties, nor were they private in nature or a 'single shot transaction.'"  Oswego Laborers' Local 214 Pension Fund, 85 N.Y.2d at 26.  Here, by contrast, the terms of Plaintiff's (and every other consumer's) loan agreement with BFCU was tailored for his (and each consumer's) specific transaction.  (See supra Section II.C.ii.)  Hence, this objection fails to establish clear error on the part of the Magistrate Judge and warrants being overruled.

## CONCLUSION

Accordingly, for the stated reasons, IT IS HEREBY ORDERED that:

I.   Warrantech's objections (ECF No. 58) are OVERRULED;

II.  Plaintiff's objections (ECF No. 59) are OVERRULED;

III. The R&R (ECF No. 57) is ADOPTED in its entirety, with:

A.   BFCU's Motion to Dismiss (ECF No. 32) being GRANTED with prejudice as to the NYGBL § 349 claim;

B.    Warrantech's Motion to Dismiss (ECF No. 35) being:

    1.    GRANTED in part with prejudice as to the NYGBL

       § 349 claim; and

    2.    DENIED in part as to the remainder of claims against

       it; and

C.    Warrantech's Motion to Dismiss NYC Motorcars'

Crossclaims (ECF No. 36) being DENIED as moot.


                 SO ORDERED.


                 /s/ JOANNA SEYBERT
                 Joanna Seybert, U.S.D.J.

Dated: December 13, 2024
      Central Islip, New York